12 U.S. 53
 8 Cranch 53
 3 L.Ed. 485
 THE COMMON COUNCIL OF ALEXANDRIA
v.
PRESTON.
 Feb. 18, 1814
 Absent. WASHINGTON, J. and JOHNSON J.
 
 1
 ERROR to the Circuit Court for the district of Columbia,
 
 
 2
 sitting at Alexandria.
 
 
 3
 This was a motion in the Court below for judgment, and execution against Preston, (under the 11th section of the act of congress of 25th of February, 1804, 'to amend the charter of Alexandria,' vol. 7, p. 48) for taxes due to the corporation for the years 1804, 5 and 6, on a lot of ground in Alexandria, which Preston purchased of Scott in the year 1807, after the taxes were due. The assessors' books were returned on the 1st of May in every year to the office of the clerk of the common council, where they remained subject to public inspection.
 
 
 4
 The Court below, being of opinion that the summary remedy by motion, judgment, and execution, was given only against the person who was proprietor at the time of the assessment of the taxes, dismissed the motion; and the common council brought their writ of error.
 
 
 5
 The 11th section of the act to amend the charter of Alexandria is as follows:
 
 
 6
 'Be it further enacted, That whenever taxes upon real property, or other claims charged upon real property within the town, shall be due and owing to the common council, and the proprietor shall fail to discharge the same, the said common council, after giving the party reasonable notice when he resides in town; sixty days notice when he resides out of the town and in the United States; and after six months publication in the newspapers when he resides out of the United States; shall be empowered to recover the said taxes or debts, by motion in the Court of Alexandria; and, provided it shall appear to the satisfaction of the Court that such taxes or claims are justly due, judgment shall be granted and an execution shall issue thereupon, with the costs of suit, against the goods and chattels of the defaulter, if any can be found within the town; if not, that the whole property, upon which the tax or claim is due, shall, by order of the Court, be leased out at public auction for the shortest term of years that may be offered, on condition that the lessee pay the arrearages, and also the future taxes accruing during the term, and be at liberty to remove all his improvements at the expiration of the lease; provided always that the common council may prosecute any other remedy, by action, for the recovery of the said taxes and claims which is now possessed or allowed.'
 
 
 7
 E. I. LEE, for the Plaintiff in error.
 
 
 8
 The question arising upon this case is, whether the proprietor, for the time being, of a lot in Alexandria, is personally liable to a judgment and execution for arrearages of taxes assessed upon the lot before he became the proprietor thereof.
 
 
 9
 The act of congress gives a remedy, by motion, judgment and execution, against the proprietor who shall fail to discharge the taxes. Preston was the proprietor at the time of the demand of payment, and has failed to pay. He is therefore within the express letter of the law. 'The defaulter' also is the person who has failed to pay on demand; the person who was liable to pay when the demand was made upon him. Every proprietor of the land is liable for its taxes so long as he is proprietor. The claims, according to the words of the act, are charged upon the real property. They accompany the land into whose hands soever it may pass. The law was intended to give a remedy against any proprietor of the land. The taxes are placed on the same footing as other charges which are liens on the land. It is not a case of greater hardship than that of other liens on real estate. Caveat emptor is the rule where he has the means of knowledge. Here the assessors' books were always accessible. The purchaser is bound to take notice of the non-payment of the taxes. He purchases at his peril.
 
 
 10
 SWANN, contra.
 
 
 11
 The statute uses the definite article, 'THE proprietor.' The question is, which proprietor? Scott or Preston? We say it means him who was proprietor when the tax was laid, and in whose name the land was assessed, and who was unquestionably liable in the first instance. He was 'the proprietor,' 'the defaulter' contemplated by the legislature. If he was liable, did his liability cease when he sold the land? or is he still liable? There is nothing in the law to justify an idea that the legislature contemplated a succession of proprietors who should be successively liable,; a succession of debtors; nor that they should be all liable at once; nor that the corporation should have its choice out of the several successive proprietors. It suggests the idea of one proprietor only, and of one debtor, or defaulter only; and if but one, it can be no other than him who was confessedly liable; him who was proprietor at the time of the assessment. The tax is a lien on the lot so far as to authorize the Court to direct it to be leased out to any one who will pay the taxes, in case the goods and chattels of the debtor cannot be found.
 
 
 12
 The books of the assessor and collector are not matter of record. The purchaser has no right to inspect them. The tax is a secret lien.
 
 February 19th.
 
 13
 THE COURT affirmed the judgment, without assigning their reasens.